BENJAMIN HYMAN, RESPONDENT, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, APPELLANT.

Argued October 21, 1924—Decided January 19, 1925.

1. Where the pleadings in the cause, the parties thereto and the trial court in his charge, treated it as one arising from the usual street car accident, the appellate court will deal with it in that aspect, and not upon a theory to which the record may be susceptible.
2. Whether plaintiff, who was driving a wagon and about to cross the tracks of defendant, having seen an approaching car at what, to him, under the circumstances, seemed to present a

reasonable opportunty to cross, and believing, as he might, that it would lessen its speed at the crossing, and in the absence of clear negligence on his part, the question of contributory negligence was for the jury.

3. Plaintiff was allowed to show at the trial of an action arising from a collision between his wagon and an electric car, that there was no warning sign at the street intersection where the collision occurred, such as are in general use at steam railroad crossings. *Held*, that proof of the absence of a warning sign, which was not controverted, did not create an issue in the case, but rather supported the theory upon which the case was tried, as that of a street car collision.

On appeal from the Atlantic County Circuit Court.

For the respondent, *Clarence L. Cole* and *Morris Bloom*.

For the appellant, *Bourgeois & Coulomb*.

The opinion of the court was delivered by

MINTURN, J.   This suit was brought to recover damages for personal injuries sustained by the plaintiff as the result of a collision between plaintiff's wagon and an electric car of the defendant company at the intersection of Marmora and Indiana avenues, in Atlantic City. The trial resulted in a verdict in favor of the plaintiff, from which the defendant appeals.

The plaintiff was driving a huckster wagon along Indiana avenue, and stopped and left the wagon about seventy feet south of the railroad crossing. He again alighted and drove slowly towards the railroad crossing, which consists of a double track line operated on its own right of way leading from Atlantic to Ocean City. There was a debatable question whether there was anything of an obstructive nature to impede plaintiff's view as he approached the tracks, and to what extent a clear view of the track to the east could be obtained.

Plaintiff testified that, as he approached the tracks, he could not see further than a block distant in the direction from which the car was coming; that he looked in both directions,

and continued to look until he had passed over the first track. There was an absence of gates and no crossing signals, while the testimony as to the giving of a signal indicating the approach of the car was of such a variant character as to create an issue of fact for the jury.

The case was tried upon the theory, or rather the absence of theory, that the defendant was other than as it appeared to be a street railway, and not a steam railroad, as is now contended on the argument. There is no proof in the record that the defendant was operating a steam railroad, while the testimony clearly indicates that the car in question was operated on Marmora avenue, which is a public highway; nor is it denied that the crossing was without gates or crossing bells to indicate operation thereon as a steam railroad crossing. The complaint alleges that defendant operated an electric trolley line, and the answer does not put the subject in issue, nor do the requests to charge suggest the issue.

The situation thus created was that the parties themselves, as well as the trial court in his charge, treated the case as one arising from the usual street car accident. The case having been tried upon that legal theory, we must deal with it here in a simlar aspect, and not upon a theory to which the record as now presented may be made susceptible. *Edgewater* v. *Valvolene Co.,* 76 *N. J. L.* 789; *Berg* v. *Rapid Motor Co.,* 78 *Id.* 724.

The motion to nonsuit, upon the ground of contributory negligence, was properly denied, based as it was upon plaintiff's presumed consciousness of the situation, as he attempted to cross the tracks, and his alleged failure to exercise proper care in that respect. Whether having seen the approaching car at what to him, under the circumstances, seemed to present a reasonable opportunity to enable him to cross, in the absence of clear negligence, equivalent to manifest indifference to the inevitable result, and harboring as he might a reasonable expectation that the car would, at least, lessen its speed as it approached the crossing, it cannot be declared as a matter of law that the case was not for the jury. Our decisions are to the contrary. *Napodensky* v. *West Jer-*

*sey Railroad,* 85 *N. J. L.* 336; *Schnackenberg v. Delaware, Lackawanna and Western Railroad Co.,* 89 *Id.* 311.

The fact that the plaintiff was allowed, over objection, to show that there was no warning sign on the street, at the intersection, such as is generally erected at steam railroad crossings, seems to present the only element of testimony in the case upon which the defendant's contention can be rested; but as this was not followed up or met by any counter-testimony upon the part of the defendant, it manifestly created no discernible issue in the case, and, incidentally, supported the legal status upon which the case was tried, and upon which both court and jury considered it.

Our examination of the requests to charge as submitted by defendant, as well as the charge itself, leads us to conclude that the charge was substantially correct, and that the requests were properly refused.

The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.